# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| KANDAS DENISE HOLMES-BARNES )<br>)<br>)<br>PLAINTIFF, )<br>)<br>vs. )<br>)<br>BOONE COUNTY, MISSOURI; )<br>    Serve: )<br>    City Hall )<br>    605 E. Walnut St. )<br>    Columbia, MO 65203 )<br>and )<br>)<br>DAYMON REYNOLDS, )<br>**individually and in his official capacity** )<br>**as the Jail Administrator for the** )<br>**Boone County, MO Jail** )<br>    Serve: )<br>    Boone County Jail, )<br>    2121 E. County Drive )<br>    Columbia, MO 65202; )<br>)<br>LIEUTENANT CHRISTIE MCCALEBB,)<br>**individually, and in her official capacity** )<br>**as a Lieutenant for the Boone County** )<br>**Jail** )<br>    Serve: )<br>    Boone County Jail, )<br>    2121 E. County Drive )<br>    Columbia, MO 65202; )<br>)<br>and )<br>)<br>CORRECTIONAL OFFICER KENT )<br>RICHARDSON, )<br>**individually, and in his official capacity** )<br>**as a Correctional Officer for** )<br>**Boone County Jail** )<br>    Serve: )<br>    Boone County Jail, )<br>    2121 E. County Drive ) | **FIRST AMENDED COMPLAINT**<br><br>Case No.    2:24-cv-04084<br><br>**JURY TRIAL DEMANDED** |

Columbia, MO 65202;                      )
                                         )
                                         )
and                                      )
                                         )
                                         )
**CORRECTIONAL OFFICER T. MURPHY,**      )
**individually and in his official capacity** )
**as a correctional officer for the Boone** )
**County Jail**                          )
    Serve:           )
    Boone County Jail, )
    2121 E. County Drive )
    Columbia, MO 65202; )
                                         )
**CORRECTIONAL DANIELLE YOUNG,**         )
**individually and in her official capacity** )
**as a correctional officer for the Boone** )
**County Jail**                          )
    Serve:           )
    Boone County Jail, )
    2121 E. County Drive )
    Columbia, MO 65202; )
                                         )
                                         )
and                                      )
                                         )
                                         )
**JANE DOE #1,**                         )
**individually, and in her official capacity** )
**as a correctional officer for**        )
**Boone County Jail**                    )
    Serve:           )
    Boone County Jail, )
    2121 E. County Drive )
    Columbia, MO 65202; )
and                                      )
                                         )
**CITY OF COLUMBIA,**                    )
    Serve:           )
    City Hall        )
    605 E. Walnut St. )
    Columbia, MO 65203 )
and                                      )
                                         )
**JOHN DOE #1,**                         )
**individually and in his official capacity** )
**as a law enforcement officer for**     )
**Columbia, MO Police Department,**      )

Serve: )
Columbia Police Department, )
600 E. Walnut Street )
Columbia, MO 65201; )
and )
)
**JOHN DOE #2,** )
**individually and in his official capacity** )
**as a law enforcement officer for** )
**Columbia, MO Police Department,** )
Serve: )
Columbia Police Department, )
600 E. Walnut Street )
Columbia, MO 65201; )
)
)

# VERIFIED FIRST AMENDED COMPLAINT FOR DAMAGES

Plaintiff Kandas Denise Holmes-Barnes (("K.D.B." or ("Plaintiff")) states the following First Amended Complaint against Boone County, Missouri (Defendant "Boone County"), the City of Columbia, Missouri (Defendant "City of Columbia"), Boone County Jail Administrator Daymon Reynolds (Defendant "Reynolds"), Defendant Correctional Officer T. Murphy ("Defendant Murphy"), Correctional Officer Christie McCaleb (Defendant "McCaleb"), Correctional Officer Danielle Young (Defendant "Young"), Correctional Officer Jane Doe #1 (Defendant "Jane Doe #1"), Correctional Officer Kent Richardson (Defendant "Richardson"), Columbia (MO) Police Officer John Doe #1 (Defendant "John Doe #1"), Columbia (MO) Police Officer John Doe #2 (Defendant "John Doe #2")(collectively "Defendants"):

### *Parties, Jurisdiction, and Venue*

1. K.D.H. is a resident and citizen of the State of Texas.

3

2. Defendant Boone County is a Political Subdivision of the State of Missouri and is a legal entity responsible for itself and for the Boone County Jail.

3. Defendant City of Columbia is a municipality in the state of Missouri and is a legal entity responsible for itself and for the Columbia (Missouri) Police Department ("CPD").

4. Defendant Reynolds is a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant Reynolds was acting under color of state law in his capacity as Jail Administrator for the Boone County Jail and was acting in the course and scope of his employment. Defendant Reynolds is sued in his individual capacity and official capacity.

5. Defendant Murphy a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant Murphy was acting under color of state law in his capacity as a correctional officer for the Boone County (MO) Jail and was acting in the course and scope of his employment. Defendant Murphy is sued in his individual capacity and official capacity.

6. Defendant Lieutenant Christie McCaleb is a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant McCaleb was acting under color of state law in her capacity as a lieutenant for the Boone County (MO) Jail and was acting in the course and scope of her employment. Defendant McCalleb is sued in her individual capacity and official capacity.

7. Defendant Danielle Young is a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant Young was acting under color of state law in her capacity as a correctional officer for the Boone County Jail and was acting in the course and scope of her

employment. Defendant Young is sued in her individual capacity and official capacity.

8. Defendant Kent Richardson is a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant Richardson was acting under color of state law in his capacity as a correctional officer for the Boone County Jail and was acting in the course and scope of his employment. Defendant Richardson is sued in her individual capacity and official capacity.

9. Defendant Jane Doe #1 is a resident and citizen of the State of Missouri who was employed by Defendant Boone County. At all times relevant, Defendant Jane Doe #1 was acting under color of state law in her capacity as a Correctional Officer for the Boone County Jail and was acting in the course and scope of her employment. Defendant Jane Doe #1 is sued in her individual capacity and official capacity.

10. Defendant John Doe #1 is a resident and citizen of the State of Missouri who was employed by the City of Columbia, Missouri. At all times relevant, Defendant John Doe #1 was acting under color of state law in his capacity as a police officer for the Columbia Police Department and was acting in the course and scope of his employment. Defendant John Doe #1 is sued in his individual capacity and official capacity.

11. Defendant John Doe #2 is a resident and citizen of the State of Missouri who was employed by the City of Columbia, Missouri. At all times relevant, Defendant John Doe #2 was acting under color of state law in his capacity as a police officer for the Columbia Police Department and was acting in the course and scope of his employment. Defendant John Doe #2 is sued in his individual capacity and official capacity.

12. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to

5

Case 2:24-cv-04084-SRB    Document 10    Filed 08/12/24    Page 5 of 20

42 U.S.C. §§ 1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to K.D.H.'s claims occurred in Boone in Missouri.

14. This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

15. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions giving rise to Plaintiff's claims occurred in Boone County, in Missouri; and there is a federal question at issue.

### *Alleged Facts Relevant to All Counts*

16. On, or about January 23, 2022, and January 24, 2022 K.D.B. ("Plaintiff") was arrested by Officer Kent and other members of the Columbia Police Department.

17. Plaintiff was taken to Boone County Jail, located at 2121 E. County Dr., Columbia, Missouri 65202 for booking.

18. John Doe #1 cut his body camera off as he took Plaintiff into the garage of the Boone County Jail.

19. Plaintiff was beaten and left on the floor of the jail for hours until 11 or 12 AM.

20. Plaintiff made numerous phone calls to jail staff to get me medical attention and was denied, because she was having a medical event.

21. At approximately 12:00 AM, Plaintiff was able to contact Suzanne Bagby who was able to call the right people to get me medical attention.

22. From around midnight until 5:00 a.m. on January 24, 2022 before the shift change, Plaintiff the Defendants named herein took turns beating Plaintiff.

23. Plaintiff never was fingerprinted, nor was a mug shot taken.

24. Plaintiff was in the holding cell in A-pod with her hands cuffed behind her back and she was screaming out profanities while lying on the ground because she had no understanding why she was still shackled behind the back laying on the ground crying.

25. Plaintiff was in excruciating pain, and Defendant Murphy came into the holding cell and asked Plaintiff if she was high and on what kind of drugs; Plaintiff could only scream out in pain.

26. When Defendant Murphy left the cell, Defendant Richardson came in and Plaintiff screamed out that she was going to sue.

27. At about this time is when the cruel treatment of Plaintiff escalated to harsh physical abuse; Jane Doe #1, Defendant Young, Defendant Murphy, Defendant McCaleb, and Defendant Kent took turns dragging Plaintiff room to room while Defendant Jane Doe #1, Defendant Young, and Defendant John Doe #1 and Defendant John Doe #2 acted as lookouts.

28. Two Defendants at a time would be dragging Plaintiff, one on each side while she was handcuffed behind the back; and she would be struck in the head and body.

29. Defendant Richardson jumped on the back of Plaintiff; grabbed Plaintiff by the head, holding her by her hair and repeatedly stuck Plaintiff on the left side of her head.

30. Defendant Richardson is a large human; believed to be over six (6) feet in height and believed to weigh over 400 pounds.

31. Defendant McCaleb and Defendant Kent were telling Plaintiff to be quiet and shut up and this won't hurt while she was on her knees still shackled behind her back.

32. Defendant John Doe #1 and Defendant John Doe #2 were in the rotunda where they somehow were cutting off and on the vents making it harder to breathe.

33. Defendant Young and Defendant Jane Doe #1 stood by the door and held Plaintiff inside of the room so Plaintiff couldn't get away and they would rotate in and take breaks from beating Plaintiff.

34. Plaintiff believes Defendants were trying to see if they could escalate the medical event, she was having into a heart attack or stroke.

35. Defendant Jane Doe #1, wears glasses and has short dirty blond/or light brown hair and also had tattoos.

36. Defendant Jane Doe #1 would come into Plaintiff's cell and step on her hands to see if she was dead or alive; she also took part in beating Plaintiff.

37. When Plaintiff would scream or move, Defendants would drag Plaintiff from room to room while beating her in the back of the head; this occurred over five (5) times and involved a combination of the named defendants, but they all participated at different times.

38. During the dragging and beatings that insured, Plaintiff's right shoulder was dislocated.

39. Plaintiff began screaming because of the dislocated shoulder.

40. Defendant Richardson came into the cell and took one hand cuff off and manipulated Plaintiff's arm back into place; and then put her back in cuffs.

41. The assaults from the jail staff continued until Plaintiff urinated on herself.

42. Plaintiff cried, and begged and pleaded with God to let her live because if Defendants killed her everyone would think she died because she was on drugs.

8

43. During the assaults that transpired, Plaintiff had screamed out that they were denying her phone privileges; and they finally cut the phone on and allowed Plaintiff to make a call until Plaintiff screamed out that they had beaten her and tried to provide other details of her torture before Defendants hung the phone up and would not allow her to have communication with the outside world.

44. Then the assaults continued; even worse than previously.

45. The continued until the next shift arrived and someone in the rotunda beat on the window giving the jail staff that was beating Plaintiff the signal to stop; at which point Plaintiff was dragged to the police car by Defendant John Doe #1, and Defendant John Doe #2, the same two officers who had arrested her the previous night.

46. Plaintiff feared that these two officers were going to take her somewhere to kill her, since she didn't overdose or have cardiac arrest in jail.

47. Defendant John Doe #1 and Defendant John Doe #2 put a bag over Plaintiff's head and made her fear that she was going to be executed.

48. Defendant John Does #1 and Defendant John Doe #2 took Plaintiff to the psych ward.

49. While in the process of unloading, Defendant John Doe #2 bent Plaintiff's hand, while in cuffs, so severely that her hand was touching her arm; causing pain and long term damage.

50. Defendant John Doe #2 bent Plaintiff's hand because he was trying to tell the doctors that she had overdosed off meth, cocaine and fentanyl; Plaintiff screamed out it was coaching and Defendant John Doe #2 bent Plaintiff's hand back and then Dr. Jane Doe injected Plaintiff with something.

51. Three (3) days later Plaintiff was sent back to Boone County Jail, and for some reason they put her in the hole, in solitary confinement, and Defendant Jane Doe,

9

Defendant Murphy, Defendant Young and Defendant Richardson, Defendant Reynolds were giving unknown medications to Plaintiff.

52. Plaintiff was put in solitary confinement for forty (40) days and given a white pill.

53. On the day of a court hearing the white pill was swapped out with a brown pill and they said it was the same pill, just a different form.

54. The white pill made her sleep.

55. The brown pill induced stronger psychosis.

56. Defendant Jane Doe, Defendant Murphy, Defendant Young and Defendant Richardson, Defendant Reynolds tortured Plaintiff on a daily basis.

57. Plaintiff attempted self harm to get out of their grip, including trying to jump off the balcony; threw herself down the stairs; drinking ink, and slamming her head against the wall.

58. When not being tortured Plaintiff would sleep all the time in solitary confinement.

59. Plaintiff was afraid to eat the food that was brought to her out of fear that it contained poison or drugs.

60. Plaintiff was given tainted food; she had plastic in her sandwich, a piece of metal in a casserole, and had other toxic or harmful things in her food.

61. Plaintiff was diagnosed with severe schizophrenia, severe paranoia, severe anxiety, severe depression, and a list of others, all diagnosed by Murrells Adult Clinic.

62. As a result of the beatings and torture Plaintiff endured she was heavily medicated and was caused to go into a deep psychosis resulting in catastrophic injury to her body and mind including but not limited to the following:

   a. the inability to talk for 6 months; and

10

Case 2:24-cv-04084-SRB    Document 10    Filed 08/12/24    Page 10 of 20

b. random loss of balance in my legs, and
   c. uncontrollable body spasms (uncontrollable body shaking); and
   d. a fear of large crowds and a large spaces; and
   e. trauma induced mental psychosis; and
   f. and others.

63. Plaintiff was deemed incompetent by the Circuit Court of Boone until October of 2022.

64. As the direct and proximate cause of Defendants' actions Plaintiff has suffered life altering and lifelong injuries, both mentally and physically.

# COUNT I
## 42 U.S.C. § 1983 – Assault & Battery in Violation of the Fourth, Eighth & Fourteenth Amendments
(Defendants Reynold, Young, Murphy, McCaleb, Richardson, Jane Doe #1, John Doe #1, and John Doe #2)

65. Plaintiff incorporates the above allegations as though fully set forth herein. 42 U.S.C. § 1983 provides that: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress….

66. Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

67. Defendants were acting under the color of the statutes, ordinances, regulations, customs, and law of the State of Missouri and their acts or omissions were conducted within the scope of their official duties or employment.

68. At the time of the occurrences that are subject of Plaintiff's Complaint, Plaintiff had clearly established constitutional rights, including a right under the Fourth, Eighth and Fourteenth Amendments to be secure in her person from assault by persons acting under color of law.

69. Plaintiff also had the clearly established Constitutional right Fourth, Eighth and Fourteenth Amendments to bodily integrity and to be free from harassment, assault and battery by jail guards or officers.

70. Any reasonable jail guard or officer would know or should have known of these rights at the time of the complained of conduct as they were clearly established.

71. Defendants' actions, including harassment and assault and battery, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated the Fourth, Eighth and Fourteenth Amendment rights of Plaintiff.

72. Defendants' actions, including harassment and assault and battery, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Plaintiff's federally protected rights. The harassment and assaults and battery perpetrated by Defendants shocks the conscience and violated Plaintiff's Fourth, Eighth and Fourteenth Amendment rights.

73. Defendants engaged in the conduct described in this Complaint willfully, maliciously, in bad faith, and in reckless disregard of Plaintiff's federally protected Constitutional rights.

74. Defendants knew, or should have known, that their acts as described herein were prohibited under federal law.

75. Defendants' actions created an environment whereby Plaintiff was incarcerated and detained under conditions that posed a substantial risk of serious harm to her health and safety.

76. Defendants were deliberately indifferent to plaintiff's health and/or safety.

77. Defendants' mistreatment of Plaintiff was perpetrated pursuant to Boone County's and Columbia Police Department's policies, customs, decisions, ordinances, regulations, widespread habit, usage or practice.

78. As a direct and proximate result of Defendants' interference with Plaintiff's federal constitutional and statutory rights, Plaintiff has suffered and will continue to suffer physical and emotional injuries and has suffered and will continue to suffer pain of the body and mind, mental anguish, humiliation, embarrassment, loss of enjoyment of life, anxiety, post-traumatic stress disorder, and has been forced to undergo substantial medical treatment, including hospitalizations and has attempted to take her own life.

79. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. 1988.

80. Defendants' conduct was motivated by evil motive or intent, and shows reckless or callous indifference to the federally protected rights of others, thereby justifying an award of punitive damages in such sum as will serve to punish and deter Defendants, and others, from like conduct in the future.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## COUNT II
### Negligent Infliction of Emotional Distress
(Defendants Reynold, Young, Murphy, McCaleb, Richardson, Jane Doe #1, John Doe #1, and John Doe #2)

13

Case 2:24-cv-04084-SRB   Document 10   Filed 08/12/24   Page 13 of 20

81. Plaintiff incorporates the above allegations as if fully set forth herein.

82. The Defendants' conduct in failing to take any reasonable steps so protect and prevent the assaults and battery by the other Defendants, described herein, was negligent.

83. The Defendants should have realized that the conduct of the other Defendants, described herein, involved an unreasonable risk of causing Plaintiff emotional distress.

84. Defendants' actions were willful, wanton and intentional.

85. As a direct and proximate result of Defendants' actions, Plaintiff suffered and will continue to suffer from a medically diagnosable and medically significant emotional distress, including anxiety and post-traumatic stress disorder.

86. Defendants' conduct as described above, was outrageous and exhibited an evil motive or reckless indifference to the rights of others, thereby entitling Plaintiff to an award of punitive damages.

87. 42 U.S.C. § 1983 provides that: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

88. Plaintiff is and was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

89. Boone County and the City of Columbia are person(s) under 42 U.S.C. § 1983.

90. Boone County and the City of Columbia, their officials, employees, agents, and representatives were, at all times relevant, acting under the color of ordinances regulations, customs, and law of the State of Missouri.

91. At the time of the occurrences that are subject of Plaintiff's Complaint, Plaintiff had clearly established constitutional rights, including the right under the Fourth,

14

Eighth and Fourteenth Amendments to be secure in her person from harassment and assault and battery and harassment while a detainee in Defendants' jails.

92. Boone County and the City of Columbia's policymaking officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

93. The Boone County and the City of Columbia policymaking officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

94. The acts or omissions of Boone County and the City of Columbia's policy making officials and their policymaking officials, employees, agents, and representatives, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages.

95. Boone County and the City of Columbia and their policymaking officials, employees, agents, and representatives intentionally, knowingly and purposely deprived Plaintiff of her clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

96. Boone County's and the City of Columbia's policymaking officials, employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

97. The acts or omissions of Boone County, Missouri and Columbia Police Department and their policymaking officials, employees, agents, and representatives, as described herein, deprived Plaintiff of her constitutional and statutory rights and caused her damages.

98. Boone County's, and the City of Columbia's, and their policymaking officials, employees, agents, and representatives intentionally, knowingly and purposely deprived Plaintiff of her clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

99. Boone County and the City of Columbia had the authority and duty to train, supervise, discipline, and otherwise control the jail officers and guards, including the Defendants identified herein. Boone County and the City of Columbia had a duty to provide reasonable training to prevent their employees from wrongfully

15

Case 2:24-cv-04084-SRB     Document 10     Filed 08/12/24     Page 15 of 20

harassing and/or assaulting Plaintiff in violation of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution. Boone County and the City of Columbia failed to train, inadequately trained, or negligently trained their employees in a manner that a reasonable county would have under the circumstances. Boone County and the City of Columbia and their policymaking officials, employees, agents, and representatives, maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, including those housed in their jails as detainees, which were the moving forces behind and proximately caused the violations of Plaintiff's Constitutional rights as set forth herein.

100. Boone County and the City of Columbia deliberate indifference to Plaintiff's Constitutional rights includes, but is not limited to:

   a. failing to train Defendants McCaleb, Young, Murphy, Richardson, Reynolds, and Jane Doe #1, to report, protect and prevent jail employees from harassing or assaulting or battering jail detainees; and
   b. failing to train Defendants John Doe #1, and John Doe #2, that harassment towards jail detainees and/or offensive and harmful contact between officers and inmates is not acceptable and prohibited under all circumstances; and
   c. failing to supervise the individual Defendant employees listed herein; and
   d. failing to adopt and/or enforce proper policies in the identification and prevention of improper harassment and/or assault and/or battery; and
   e. such further acts of deliberate indifference as discovery will reveal.

101. Boone County and the City of Columbia and their policymaking officials, employees, agents, and representatives have developed and maintained long-standing, department wide customs, policies, procedures, and practices, and/or failed to properly train and/or supervise their officers in a manner amounting to deliberate indifference to the constitutional rights of Plaintiff and other jail detainees. The inadequacy of training and/or supervision is so likely to result in violation of Constitutional and federal rights, such as those described herein—in light of the particular duties assigned to their employees including the Defendants identified herein —that the failure to provide proper training and supervision is deliberately indifferent to those rights.

102. The deliberately indifferent training and supervision provided by Boone County and the City of Columbia, and their officials, employees, agents, and

representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to it and were moving forces in the constitutional and federal violation injuries complained of by Plaintiff.

103. As a direct and proximate result of Boone County's and the City of Columbia's interference with Plaintiff's federal Constitutional and statutory rights, Plaintiff has suffered the aforementioned damages and losses, which are expected to be ongoing.

104. Plaintiff is entitled to attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

105. Defendant Richardson's and Defendant Murphy's, Defendant John Doe #1, Defendant John Doe #2, and any other applicable Defendant's known history of misconduct and proclivities for the use of excessive force made them unfit to be jail guards overseeing vulnerable women including Plaintiff.

106. Defendant Boone County knew or should have known of Defendant Richardson's and Defendant Murphy's unfitness to be jail guards which created a danger to vulnerable female inmates, including Plaintiff.

107. Defendant Boone County knew or should have known of Defendants Richardson and Defendant Murphy's unfitness to be a jail guard at all times, including at the time of their hiring and retention through July 21, 2022, and thereafter until Plaintiff's no longer being in their control.

108. Defendant City of Columbia knew or should have known of Defendant John Doe #1 and Defendant John Doe #2's unfitness to be a police officer at all times, including at the time of their hiring and retention through their interactions with Plaintiff giving rise to these claims.

109. Defendant Boone County's actions in hiring and retaining Defendants Richardson, and Defendant Murphy despite their clear disqualifications were willful, wanton and intentional.

110. Defendant City of Columbia's actions in hiring and retaining Defendant John Doe #1 and Defendant John Doe #2 despite their clear disqualifications were willful, wanton and intentional.

111. Defendant Boone County; or Defendant City of Columbia; or Defendant Columbia Police Department controlled or had the right to control the conduct of Defendants' employee jail guards and officers, as identified and described herein.

112. Under the theory of *Monell Liability* one, or a combination of one or more, of the following Defendants is liable to Plaintiff for the constitutional violations as stated herein:

   a. Boone County, Missouri; and/or
   b. Boone County Sheriff's Office; and/or
   c. City of Columbia, Missouri; and/or
   d. Columbia Police Department.

113. Defendants Boone County's and Defendant City of Columbia's employee jail guards and officers' conduct described herein fell within the scope of the employment relationship between Defendants Boone County and the City of Columbia and their employee jail guards and officers identified herein.

114. As a direct and proximate result of Defendant Boone County's and the City of Columbia's Defendant jail guards and officers, identified herein, actions —for which Defendants Boone County and the City of Columbia are vicariously liable—Plaintiff suffered and will continue to suffer injuries, including physical and mental injuries, pain and suffering, humiliation, and mental anguish, emotional trauma including stress, anxiety and post-traumatic stress disorder, resulting medical care and hospitalizations and attempted suicide.

115. Defendant Boone County and the City of Columbia Defendant jail guards and officers, identified herein, actions —for which Defendants Boone County and the City of Columbia were outrageous and exhibited an evil motive or reckless indifference to the rights of others, thereby entitling Plaintiff to an award of punitive damages.

116. The Boone County jail, or the Columbia Police Department, or both have a pattern of unconstitutional acts committed by subordinates, or they failed to take sufficient remedial action in response to the continuing deprivation of detainees' constitutional rights, or both.

**WHEREFORE,** Plaintiff prays for judgment against Defendants in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses she has suffered, for her costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

## PRAYER

**WHEREFORE,** Plaintiffs pray for judgment against Defendants in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses they have suffered, for their costs incurred herein, for attorneys' fees, for punitive damages, and for any further relief this Court deems just and proper.

Respectfully Submitted for Plaintiffs by,

**PERRY LAW FIRM, LLC**

/s/ Alex Perry
Alex Perry
Bar Number: 64079
Perry Law Firm, LLC
1220 Sunset Drive
Columbia, MO 65203
Telephone: (573) 777-2623
APerryLawFirm@gmail.com

**ATTORNEY FOR PLAINTIFF**

# VERIFICATION

I, Kandas Denise Holmes-Barnes, am the Plaintiff in the above stated Complaint and I certify that the facts alleged in this First Amended Complaint are true and accurate to the best of my knowledge and recollection.

*Kandas Holmes-Barnes* (signature)
**Kandas Denise Holmes-Barnes**

State of Missouri )
) ss
County of __Boone__ )

On this __7th__ day of __August__, 2024, before me, a Notary Public in and for said State, personally appeared Kandas Denise Holmes-Barnes, known to me to be the said person who executed this Complaint, and acknowledges and swears that the preceding paragraphs are true and accurate to the best of her knowledge, and before me she executed the same for the purposes herein stated.

*Lydia Fox* (signature)
Notary Public Signature

(SEAL)    My Commission Expires: __11-1-2024__

```
LYDIA FOX
NOTARY PUBLIC, NOTARY SEAL
STATE OF MISSOURI
BOONE COUNTY
COMMISSION #  12410889
COMMISSION EXPIRES:  November 1, 2024
```