# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | | |
|---|---|---|
| K.D.H., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-04084-SRB |
| v. | ) | |
| | ) | |
| BOONE COUNTY, MISSOURI et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Defendant City of Columbia's ("Columbia") Motion to Dismiss for Failure to State a Claim. (Doc. #14.) Additionally, before the Court is Defendant Boone County, Missouri's ("Boone County") Motion to Dismiss for Failure to State a Claim. (Doc. #21.) As set forth below, both motions are GRANTED.

## I. FACTUAL BACKGROUND

The following allegations are taken from Plaintiff K.D.H.'s ("Plaintiff") First Amended Complaint (Doc. #10) without further citation or attribution unless otherwise noted.[1] Because this matter comes before the Court on a motion to dismiss, the allegations are taken as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). Additional allegations relevant to the parties' arguments are discussed in Section III.

Plaintiff was arrested by members of the Columbia Police Department and detained at the Boone County Jail in Columbia, Missouri. Once inside the Boone County Jail garage, John Doe

---

[1] All page numbers refer to the pagination automatically generated by CM/ECF.

#1, a Columbia police officer, turned off his body camera video. Plaintiff alleges she was "beaten and left on the floor of the jail for hours" while she made repeated "phone calls to jail staff" requesting medical assistance. (Doc. #10, p. 6.)

Plaintiff was then placed in a holding cell and handcuffed while she "scream[ed] profanities while lying on the ground because she had no understanding why she was still shackled." (Doc. #10, p. 7.) Defendant Murphy entered her cell and asked Plaintiff if she was "high" on any drugs. (Doc. #10, p. 7.)

Then, for approximately five hours, "the Defendants named herein took turns beating Plaintiff." (Doc. #10, p. 7.) Specifically, "Jane Doe #1, Defendant Young, Defendant Murphy, Defendant McCaleb, and Defendant [Richardson][2] took turns dragging Plaintiff room to room while Defendant Jane Doe #1, Defendant Young, and Defendant John Doe #1 and Defendant John Doe #2 acted as lookouts." (Doc. #10, p. 7.) Plaintiff's dragging and subsequent beatings "occurred over five (5) times and involved a combination of the named defendants, but they all participated at different times." (Doc. #10, p. 8.)

While she was dragged by two Defendants at a time, she was struck on the head and body. At one point, "Defendant Richardson jumped on the back of Plaintiff; grabbed Plaintiff by the head, holding her hair and repeatedly struck Plaintiff on the left side of her head." (Doc. #10, p. 7.) During this time, Defendants McCaleb and Richardson told Plaintiff "to be quiet and shut up and this won't hurt," while John Doe #1 and John Doe #2 were "somehow . . . cutting off and on the vents making it harder to breathe," and Defendant Young and Jane Doe #1 "stood by the

---

[2] Plaintiff mistakenly refers to a "Defendant Kent" twice in her facts. The Court believes that "Defendant Kent" is Correctional Officer Kent Richardson ("Defendant Richardson") whom Plaintiff has sued in his individual and official capacity as there is no "Defendant Kent" listed as a Defendant or listed in any of Plaintiff's proceeding claims.

door" so Plaintiff couldn't "get away." (Doc. #10, p. 8.) Plaintiff believed they were trying to "escalate" her "medical event." (Doc. #10, p. 8.)

While she was dragged, Plaintiff's right shoulder was dislocated, was manipulated back in position, and Plaintiff urinated on herself. Plaintiff alleges the assaults continued until the next jail shift arrived.

Once the next shift arrived, John Doe #1 and John Doe #2 placed a bag over Plaintiff's head and dragged her to their police car. Plaintiff believed the "two officers were going to take her somewhere to kill her." (Doc. #10, p. 9.) Instead, they took Plaintiff to the psychiatric ward. During her transfer, John Doe #2 bent Plaintiff's hands while she was handcuffed "so severely" that it caused "long term damage." (Doc. #10, p. 9.)

Three days later, Plaintiff returned to Boone County jail, was placed in solitary confinement for forty days, and drugged repeatedly by Defendants Jane Doe #1, Murphy, Young, Richardson, and Reynolds. During this time, "Defendant Jane Doe [sic], Defendant Murphy, Defenant Young and Defendant Richardson, [sic] Defendant Reynolds tortured Plaintiff on a daily basis." (Doc. #10, p. 9.) "As the direct and proximate cause of Defendants' actions [sic] Plaintiff has suffered life altering and lifelong injuries, both mentally and physically." (Doc. #10, p. 11.)

Plaintiff filed her original Complaint asserting five claims and simultaneously filed a motion for leave to proceed *in forma pauperis*. (Doc. #1, #2.) In its *in forma pauperis* Order, the Court dismissed Counts III through Counts V against Boone County and Columbia for failure to state a claim and directed Plaintiff "to file an Amended Complaint with the remaining claims, Counts I and II," concerning 42 U.S.C. § 1983 violations and common law Negligent Infliction of Emotional Distress ("NIED"). (Doc. #7, p. 4.)

Plaintiff filed her First Amended Complaint asserting the following claims: Count I—violations of 42 U.S.C. § 1983 against Defendant Jane Doe #1[3] and Defendants John Doe #1, John Doe #2, Christie McCaleb, Kent Richardson, Danielle Young, Damon Reynolds, and Trevor Murphy (collectively "Employee Defendants") in their individual and official capacities and Count II—Negligent Infliction of Emotional Distress ("NIED") against Jane Doe #1 and Employee Defendants in their individual and official capacities. However, also contained in Plaintiff's Count II are multiple paragraphs asserting violations of 42 U.S.C. § 1983 against Boone County and Columbia. (Doc. #10, ¶¶ 87-114.) To accurately address the motions, the Court construes all allegations of violations of 42 U.S.C. § 1983 collectively (Doc. #10, ¶¶ 65-80, 87-114).

Columbia now moves to dismiss itself as a party as well as dismissal of all official capacity claims asserted against its employees, Defendants John Doe #1 and John Doe #2, under Federal Rule of Civil Procedure 12(b)(6). (Doc. #15.) Boone County now moves to dismiss itself and all official capacity claims asserted against its employees, Defendants Christie McCaleb, Kent Richardson, Danielle Young, Damon Reynolds, and Trevor Murphy, under Federal Rule of Civil Procedure 12(b)(6). (Doc. #21.) Plaintiff opposes both motions, and the parties' arguments are addressed below.

**II. LEGAL STANDARD**

Rule 12(b)(6) provides that a defendant may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true,

---

[3] Neither Defendant Columbia nor Boone County address Defendant Jane Doe #1's liability in their motions to dismiss. As such, Defendant Jane Doe is not included in "Employee Defendants" and all claims against her remain in effect.

4

to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (internal citations omitted).

## III. DISCUSSION

### 1. Count I: 42 U.S.C. § 1983 violations

#### a. Jane Doe #1 and Employee Defendants in their Individual Capacity

Plaintiff alleges that Jane Doe #1 and Employee Defendants violated 42 U.S.C. § 1983 by depriving her of her Fourth, Eighth, and Fourteenth Amendment rights when they assaulted her while she was in Boone County Jail. Plaintiff alleges that "Defendants' actions, including harassment and assault and battery," as jail employees and police officers were objectively unreasonable, malicious, and indifferent "to Plaintiff's federally protected rights." (Doc. #10, p. 12.)

"Public servants may be sued under § 1983 in either their official capacity, their individual capacity, or both." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Cooper v. Hutcheson*, 472 F. Supp. 3d 509, 513 (E.D. Mo. 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571 (8th Cir. 2009)).

Upon review, the Court finds Plaintiff adequately alleges that Jane Doe #1 and Employee Defendants in their personal capacity, were acting under color of state law during their employment with the Boone County Jail, and their actions deprived Plaintiff of her Fourth,

5

Eighth and Fourteenth Amendment rights. Therefore, Plaintiff's 42 U.S.C. § 1983 claims against Jane Doe #1 and Employee Defendants in their personal capacity remain.

### b. Employee Defendants in their Official Capacity

Columbia argues that "the official capacity claims alleged against John Doe #1 and John Doe #2 [should be] treated as though they are asserted against the City of Columbia." (Doc #15, p. 4.) Likewise, Boone County argues that Plaintiff's official capacity claims against Christie McCaleb, Kent Richardson, Danielle Young, Damon Reynolds, and Trevor Murphy "should be dismissed with prejudice" because state officials sued in their official capacities are not persons under § 1983. (Doc. #21, p. 2.)

Plaintiff "denies the official capacity claims should be dismissed" against Columbia employees John Doe #1 and John Doe #2. (Doc. #24, p. 2.) Likewise, Plaintiff asserts that she "has properly plead[ed] as to official capacity" of Boone County employees, Christie McCaleb, Kent Richardson, Danielle Young, Damon Reynolds, and Trevor Murphy. (Doc. #25, p. 2.)

"[T]he real party in interest in an official-capacity suit is the governmental entity and not the named official." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007). Therefore, Plaintiff's official capacity claims against Employee Defendants must be examined under the "real party in interest['s]" liability, specifically, the governmental entities of Columbia and Boone County. *Id*. Columbia and Boone County's liability for violations of 42 U.S.C. § 1983 are addressed below.

### c. Columbia and Boone County

Columbia asserts that as a governmental entity, it "may not be held vicariously liable" because Plaintiff has not specifically alleged a violation resulting from an unofficial municipal policy, custom, or indifferent failure to train or supervise. (Doc. #15, p. 4.) Similarly, Boone County argues that Plaintiff's claim must be dismissed because "Plaintiff does not allege a

6

Case 2:24-cv-04084-SRB   Document 28   Filed 10/15/24   Page 6 of 12

pattern of unconstitutional acts committed by subordinates, or a failure to take sufficient remedial action by Boone County." (Doc. #21, p. 1.)

Plaintiff argues that there "was a pattern of unconstitutional acts committed by subordinates, or a failure to take sufficient remedial action by [sic] city of Columbia." (Doc. #24, p. 2.) Likewise, Plaintiff asserts she "has properly plead[ed] against the municipality" of Boone County. (Doc. #25, p. 2.)

"Section 1983 liability for a constitutional violation may attach to a municipality if the violation resulted from (1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Corwin v. City of Indep., Mo*., 829 F.3d 695, 699 (8th Cir. 2016) (citations omitted) (cleaned up). To establish liability based on an "unofficial" policy or a "custom," a plaintiff must plead facts sufficient to plausibly infer "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the municipality's employees; (2) deliberate indifference to or tacit authorization of such conduct by the municipality's policymaking officials after notice to the officials of that misconduct; and (3) that [the plaintiff] was injured by acts pursuant to the municipality's custom, i.e., that the custom was a moving force behind the constitutional violation." *Meier v. St. Louis*, 934 F.3d 824, 828 (8th Cir. 2019) (citations omitted) (cleaned up).

Here, Plaintiff has not adequately alleged the existence of a policy or custom by either Columbia or Boone County that caused her to suffer a constitutional deprivation. The only support Plaintiff provides of custom is that "[t]he Boone County Jail, or the Columbia Police Department, or both have a pattern of unconstitutional acts committed by subordinates, or they failed to take sufficient remedial action in response to the continuing deprivation of detainees' constitutional rights, or both." (Doc. #24, p. 2.) However, she provides no other facts to support this conclusion other than the example of her own arrest and detention. "Generally, an isolated

7

incident of alleged . . . misconduct . . . cannot, as a matter of law, establish a municipal policy or custom creating liability under § 1983." *Ulrich v. Pope Cty.*, 715 F.3d 1054,1061 (8th Cir. 2013).

Likewise, Plaintiff fails to adequately allege a deliberately indifferent failure to train or supervise. Plaintiff concludes that "Boone County and the City of Columbia [were] deliberate[ly] indifferen[t]" in failing to train Employee Defendants to report and protect jail detainees and "failed to supervise the individual Defendant employees listed herein." (Doc. #10, p. 16.) However, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient to survive a motion to dismiss." *Mick v. Raines*, 883 F.3d 1075, 7078-79 (8th Cir. 2018) (internal citations omitted).

Plaintiff's § 1983 claims against Columbia and Boone County are insufficient and cannot survive a motion to dismiss. Further, because Plaintiff's claims against Columbia and Boone County cannot survive, neither can her official capacity claims concerning § 1983 violations against Employee Defendants. Therefore, Plaintiff's claims against Columbia and Boone County for violations of § 1983 and Plaintiff's claims against Employee Defendants in their official capacity for violations of § 1983 are DISMISSED.

### 2. Count II: Negligent Infliction of Emotional Distress ("NEID")

#### a. Employee Defendants

In Count II, Plaintiff alleges that Employee Defendants negligently inflicted emotional distress. Plaintiff argues that "Defendants' conduct in failing to . . . protect and prevent the assaults and battery by the other Defendants was negligent" and "Defendants should have realized that the conduct of the other Defendants . . . involved an unreasonable risk of causing Plaintiff emotional distress." (Doc. #10, p. 14.)

"The following elements are required to establish a claim of NIED: (1) the defendants 'realized or should have realized that their conduct involved an unreasonable risk of causing distress;' (2) the plaintiff 'suffered emotional distress or mental injury that is medically diagnosable and sufficiently severe to be medically significant.'" *Brown v. City of Pine Lawn, Mo.*, No. 4:17CV01542 ERW, 2018 WL 950211, at *7 (E.D. Mo. Feb. 20, 2018) (quoting *Gordon v. City of Kansas City, Mo.*, 241 F.3d 997, 1004 (8th Cir. 2001)).[4]

Upon review, the Court finds that Plaintiff has adequately alleged a claim for NIED against the Employee Defendants in their individual capacity, as she alleges they should have realized that their conduct involved an unreasonable risk of causing Plaintiff distress, and she now suffers from anxiety and post-traumatic stress disorder.

### b. Official Capacity of Employee Defendants, Columbia, and Boone County

Columbia argues that dismissal of Plaintiff's NEID claim "is inappropriate because it is barred by Missouri's sovereign immunity statute, Mo. Rev. Stat. § 537.600[.]" (Doc. #15, p. 8.) Boone County argues that "Count II of Plaintiff's First Amended Complaints [does not] seek relief against Boone County, Missouri," as such, "Boone County, Missouri respectfully request that any remaining claims against it be dismissed." (Doc. #21, p. 2.)

Plaintiff states that "Count II is in part specifically plead [sic] against the municipal defendants, and it has been properly plead [sic]." (Doc. #24, p. 2; Doc. #25, p. 2.)

"[S]overeign or governmental tort immunity . . . shall remain in full force and effect" unless injuries arise from either public employees' operation of a motor vehicle, the conditions of a public entity's property, or the government entity expressly waives sovereign immunity. Mo. Rev. Stat. § 537.600. "[F]inding a municipality liable for torts is the exception to the

---

[4] Parties agree and the Court finds that Missouri law governs Plaintiff's NIED claim.

general rule of sovereign immunity, and a plaintiff must plead with specificity facts demonstrating his claim falls within an exception to sovereign immunity." *Parish v. Novus Equities Co.*, 231 S.W.3d 236, 242 (Mo. Ct. App. 2007).

Here, Plaintiff fails to plead any allegations that provide a reasonable inference that her state law tort claim falls within an exception to municipality sovereign immunity under Mo. Rev. Stat. § 537.610.1. Plaintiff has only alleged individual employee actions that resulted in Plaintiff's emotional distress, there has been no waiver of sovereign immunity by either Columbia or Boone County. *In arguendo*, even subsuming Plaintiff's First Amended Complaint paragraphs 87-144, which only incorporate 42 U.S.C. § 1983 related claims, the Court still fails to find any support provided by Plaintiff to show a waiver of sovereign immunity by Columbia or Boone County in relation to a tort claim under Missouri law.

Therefore, Plaintiff's claims against Columbia and Boone County for NIED and Plaintiff's claims against Employee Defendants in their official capacity for NIED are DISMISSED.

### 3. Plaintiff's requests for leave to amend filed in her Replies

In response to Defendants Columbia and Boone County's Motions to Dismiss, Plaintiff requests leave to amend three separate instances. First, that "Plaintiff should be, and is requesting that they are, given leave to add Columbia Police Department as a Defendant [to Claim I]; or in the alternative, to replace City of Columbia, with Columbia Police Department." (Doc. 24, p. 2.) Second, "Plaintiff contends that they should be given leave to amend the titling of the Counts [I and II] to include . . . [Boone] County and [the] City [of Columbia], and, or the Columbia Police Department; as these claims are sufficiently plead [sic] and clearly directed at the municipal defendants." (Doc. 24, pp. 2-3.) Third, "Plaintiff contends that they should be given leave to amend the titling of Count II to include . . . [Boone] County and [the] City [of Columbia], et al;

10

as they are sufficiently plead [sic] and clearly directed at the municipal defendants."  (Doc. 25, p. 2.)

"A party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  "Although leave to amend shall be freely given when justice so requires, . . . plaintiffs do not have an absolute or automatic right to amend."  *United States ex rel. Lee v. Fairview Health Sys.*, 413 F.3d 748, 748 (8th Cir. 2005).  "Futility is a valid basis for denying leave to amend."  *Id.*; *Wisdom v. First Midwest Bank*, 167 F.3d 402, 409 (8th Cir. 1999) ("Parties should not be allowed to amend their complaint without showing how the complaint could be amended to save the meritless claim.").

First, Plaintiff's request to add the Columbia Police Department or replace Columbia with the Columbia Police Department to Claim I does not save her § 1983 claim as the Columbia Police Department is a municipal sub-entity.  *Harrigan v. Osage Beach Police Dep't*, No. 23-3692, 2024 U.S. App. LEXIS 10670, at *1 (8th Cir. May 2, 2024) ("The police department is a municipal sub-entity not amenable to [a 42 U.S.C. § 1983] suit.").  As such, the Columbia Police Department would be subject to the exact same analysis, finding of non-liability as Columbia and Boone County discussed above, and Plaintiff's claim would be still be dismissed under Rule 12(b)(6).

Second, Plaintiff's request to include Boone County and Columbia or the Columbia Police Department in Claim I and II's title is futile.  As discussed above, the Court has considered both Boone County and Columbia's liability on the merits in Plaintiff's Claim I and II, therefore the addition of their names in the titling of Plaintiff's First Amended Complaint is superfluous.  Additionally, as discussed above, the Columbia Police Department would be subject to the exact same analysis and conclusion of non-liability for both Claim I and Claim II as Columbia and Boone County discussed above and subject to dismissal under Rule 12(b)(6).

11

Third, Plaintiff's second request to include Boone County and Columbia in Claim I and II's title remains futile for the reasons discussed above.

Finally, Plaintiff did not attach an actual proposed Second Amended Complaint, therefore her requests to amend are again futile under Local Rule 15.1(a)(2).

Therefore, each of Plaintiff's request to amend are DENIED.

## IV. CONCLUSION

Accordingly, Defendant Columbia and Defendant Boone County's Motions to Dismiss for Failure to State a Claim (Doc. #14) is GRANTED insofar as Columbia is dismissed as a party and all official capacity claims for 42 U.S.C. § 1983 violations and NIED against Defendants John Doe #1 and John Doe #2 are DISMISSED. Defendant Boone County's Motions to Dismiss for Failure to State a Claim (Doc. #21) is GRANTED insofar as Boone County is dismissed as a party and all official capacity claims § 1983 violations and NIED against Defendants Christie McCaleb, Kent Richardson, Danielle Young, Damon Reynolds, and Trevor Murphy are DISMISSED. The only remaining claims are as follows: Plaintiff's claims against Jane Doe #1 in her official capacity and personal capacity for § 1983 violations and NIED; Plaintiff's claims against Employee Defendants in their personal capacity for § 1983 violations and NIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: October 15, 2024